**Sally GRIFFITH, Plaintiff,**

v.

**Ralph TERAN, Principal of Wichita North High School and Unified School District 259, Defendants.**

**Civ. A. No. 92–1278–B.**

United States District Court,
D. Kansas.

Nov. 16, 1992.

James S. Phillips, Jr., Phillips & Phillips, Chartered, Wichita, Kan., for plaintiff.

William F. Bradley, Jr., Thomas R. Powell, Douglas P. Witteman, Hinkle, Eberhart & Elkouri, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendants for summary judgment. (Doc. 15).

Plaintiff filed this action on May 27, 1992 requesting injunctive relief and damages pursuant to 42 U.S.C. § 1983. As to injunctive relief, plaintiff sought to enjoin the delivery of an invocation and benediction at a high school commencement exercise. The court held a hearing on the matter, and in a written order filed May 29, 1992, the court found that the proposed invocation and benediction did not violate the Establishment Clause of the First Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment. Accordingly, the court denied plaintiff's motion for temporary restraining order and preliminary injunction. *See* 794 F.Supp. 1054. Plaintiff graduated from high school in May 1992.

On June 24, 1992, the Supreme Court held that the Establishment Clause had been violated when a secondary public

school allowed a clergyman to deliver a nonsectarian benediction and invocation at a graduation ceremony. *Lee v. Weisman,* —— U.S. ——, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992). All parties agree that the Court's holding in *Weisman* has effectively rendered erroneous this court's ruling to the contrary in its order of May 29.

Defendants have attached the affidavit of Robert Wright, Associate Superintendent for Administrative Services for Unified School District 259. Mr. Wright states that USD 259 has adopted procedures to comply with the Supreme Court's decision in *Weisman,* and that all administrators and teachers in the District will be required to comply with the procedures.

Defendants contend that the case is now moot because plaintiff has graduated, and because the District has stated its intent to comply with the *Weisman* decision. Plaintiff concedes that the case is moot as to any claim for further injunctive relief. Plaintiff opposes the motion for summary judgment, however, because plaintiff has also prayed for damages.

■ Where a claim for injunctive relief is rendered moot during the pendency of litigation, the controversy nonetheless remains alive if the plaintiff also seeks other relief such as damages. *See Powell v. McCormack,* 395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–1953, 23 L.Ed.2d 491 (1969). A claim for nominal damages arising from past constitutional violations is sufficient to prevent dismissal for mootness even though the claim for injunctive relief has been rendered moot. *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1526–27 (10th Cir.1992).

■ Plaintiff claims nominal damages for the unlawful delivery of an invocation and benediction at her own graduation ceremony in May 1992, and also at the graduating ceremony of 1991. This alone is sufficient to defeat defendants' motion.

In addition, plaintiff claims actual damages "for mental anguish, humiliation, embarrassment, and annoyance" occasioned by the delivery of the invocation and bene-

diction. (Plaintiff's Affidavit, ¶ 3, Exh. C to Memo in Opposition, Doc. 26).

■ Compensatory damages under § 1983 are determined according to the principles of common law tort, which allows recovery of compensatory damages only for actual losses or injuries. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 306–07, 106 S.Ct. 2537, 2542–43, 91 L.Ed.2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). "[C]ompensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering.'" *Stachura,* 477 U.S. at 307, 106 S.Ct. at 2543 (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974)). "Section 1983 does not impose a jurisdictional minimum amount of damages." *Bailey v. Kenney,* 791 F.Supp. 1511, 1526 (D.Kan.1992).

For purposes of these summary judgment proceedings, and in accordance with *Lee v. Weisman,* the court must assume "that the prayers were offensive to" plaintiff. —— U.S. at ——, 112 S.Ct. at 2659. Thus, plaintiff has stated a viable claim for psychic damages, which precludes summary judgment in defendants' favor.

Defendants rely on *Sierra Club v. Hodel,* 848 F.2d 1068, 1097 (10th Cir.1988), and similar cases that have denied such discretionary "damages as may be incurred or suffered by any party who is found *to have been* wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c) (emphasis added). In this case, however, plaintiff does not claim damages from having been wrongfully enjoined, but from the failure of this court to enjoin defendants' actions. The court has no discretion to grant summary judgment on the matter of plaintiff's claims for damages and must allow the case to go forward on that issue.

Accordingly, the court denies defendants' motion for summary judgment. (Doc. 15). The Clerk shall schedule a status confer-

ence to be held at the earliest convenience of the court and the parties.

IT IS SO ORDERED.